**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| PATIENCE NWANNA,<br>    Appellant, | DOCKET NUMBER<br>DA-0752-15-0035-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>    Agency. | DATE: March 3, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ewomazino Magbegor, Esquire, Dallas, Texas, for the appellant.

Karen Denise Haertl, Fort Worth, Texas, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed her demotion appeal as settled. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

cause shown. 5 C.F.R. § 1201.114(e), (g). We FORWARD the appellant's claim that the agency breached the parties' settlement agreement to the Dallas Regional Office for docketing as a petition for enforcement. 5 C.F.R. § 1201.182(a).

## BACKGROUND

¶2 In October 2014, the agency demoted the appellant. Initial Appeal File (IAF), Tab 37 at 33-43. She appealed the agency's action. IAF, Tab 1. The parties thereafter entered into a settlement agreement, and on July 9, 2015, the administrative judge approved the agreement as the final resolution of the appeal.[3] IAF, Tab 57, Initial Decision (ID) at 1. The initial decision indicated that it would become final on August 13, 2015, unless a petition for review was filed by that date. ID at 2.

¶3 Over 1 year later, on October 20, 2016, the Board received an ostensible petition for review of the initial decision signed by an individual purporting to be the appellant's attorney. Petition for Review (PFR) File, Tab 1. On December 12, 2016, the Office of the Clerk of the Board issued an acknowledgment letter informing both the appellant and her purported attorney representative that the petition for review was untimely and explaining that the appellant must file a motion asking the Board to accept the petition as timely and/or to waive the time limit for good cause. PFR File, Tab 2 at 2. The acknowledgment letter also informed both the appellant and her purported representative that the petition did not meet the Board's requirements because it did not contain an official designation of the representative. *Id.* at 1. Accordingly, the letter instructed the appellant to complete a "Designation of Representative" form and return it within 15 days. *Id.* The appellant did not return the subject form, and the copy of the December 12, 2016 acknowledgment

---

[3] The parties' settlement agreement, IAF, Tab 56, also resolved a removal appeal filed by the appellant, i.e., *Nwanna v. Department of the Army*, MSPB Docket No. DA-0752-15-0348-I-1, which was concurrently pending before the same administrative judge.

letter that the Office of the Clerk of the Board had mailed to the appellant's purported representative was returned as undeliverable. PFR File, Tab 6 at 9.

¶4 On March 7, 2017, the Board received a notice from the appellant in which she stated, among other things, that the individual who had filed the petition was no longer representing her.[4] PFR File, Tab 8 at 2. The appellant's notice neither perfected her petition for review nor addressed the untimeliness of the same. On April 6, 2017, the Office of the Clerk of the Board issued another order informing the appellant that the October 20, 2016 petition for review remained deficient under the Board's regulations because it was not signed by either the appellant or a properly designated representative. PFR File, Tab 9 at 2. The Office of the Clerk of the Board informed the appellant that she could cure the deficiency by submitting a letter bearing her signature and requesting that the Board consider the October 20, 2016 submission as her petition for review of the initial decision. *Id.* The appellant was directed to cure the deficiency or otherwise show good cause as to why the Board should not dismiss the petition for review as deficient. *Id.* The appellant was ordered to submit her response within 10 days of the date of the order and informed that if she did not adopt the petition for review, then the Board may dismiss it without further notice. *Id.* The appellant did not respond.

¶5 Over 4 years later, on November 22, 2021, the appellant designated a new attorney, Ewomazino Magbegor, to represent her in the matter. PFR File, Tab 12 at 4. Thereafter, on December 2, 2021, the appellant submitted a filing wherein she requested that the Board "process Ms. Magbegor as [her] designated

---

[4] In this filing, the appellant asserted that she had not received the December 12, 2016 acknowledgment letter, and she indicated that she found out about the status of her case by contacting the Board "recently." PFR File, Tab 8 at 2. The appellant seemingly asserted that she had not received the letter because she had recently changed addresses; however, the Office of the Clerk of the Board's December 12, 2016 acknowledgment letter was served on the appellant electronically. PFR File, Tab 2 at 6.

[r]epresentative"[5] and "consider [the appellant's] petition for initial decision submitted in October 2016." PFR File, Tab 13 at 4 (grammar as in original). This filing, which perfected the appellant's October 20, 2016 petition for review, did not address either the untimeliness of the petition or the appellant's failure to respond to the Office of the Clerk of the Board's April 6, 2017 Order within 10 days. The agency did not respond to the appellant's December 2, 2021 request.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 A petition for review must be filed within 35 days after the issuance of the initial decision, or, if the petitioner shows that she received the initial decision more than 5 days after the date of the issuance, within 30 days after the date she received the initial decision. 5 C.F.R. § 1201.114(e). Here, the initial decision was issued on July 9, 2015, and sent to the appellant electronically the same day. ID at 1; IAF, Tab 58 at 1. The appellant has not alleged that she did not receive the initial decision within 5 days of its issuance; accordingly, because she did not perfect her October 20, 2016 petition for review until December 2, 2021, her petition is untimely by over 6 years.[6] PFR File, Tabs 1, 13; *see* 5 C.F.R. § 1201.114(e).

¶7 The Board will waive the time limit for filing a petition for review only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for an untimely filing, the appellant must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).

---

[5] To date, Ms. Magbegor has not submitted any filings on behalf of the appellant.

[6] We find that the filing date of the appellant's petition for review is December 2, 2021, i.e., the date on which she perfected her October 20, 2016 petition for review. PFR File, Tabs 1, 13. However, even if the appellant's October 20, 2016 petition had not been defective, her petition for review of the July 9, 2015 initial decision still would have been untimely. ID at 2; *see* 5 C.F.R. § 1201.114(e).

In determining whether there is good cause, the Board considers the length of the delay, the reasonableness of the excuse and showing of due diligence, whether the appellant is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to file a timely petition. *See Wyeroski v. Department of Transportation*, 106 M.S.P.R. 7, ¶ 7, *aff'd*, 253 F. App'x 950 (Fed. Cir. 2007).

¶8        We find that the appellant has not demonstrated good cause for the untimely filing of her petition for review. Indeed, her 6-year delay in filing is significant. *See Ramos v. Office of Personnel Management*, 71 M.S.P.R. 39, 41 (1996) (finding an appellant's 6-year filing delay significant). Moreover, even assuming that the appellant was pro se for some or all of the filing period, her pro se status alone would not excuse this significant delay. *See Dean v. U.S. Postal Service*, 100 M.S.P.R. 556, ¶ 5 (2005) (reasoning that the appellant's pro se status did not excuse his 6-month filing delay). Moreover, the appellant provides no explanation for her late filing despite being given an opportunity to do so. PFR File, Tab 2 at 2. The appellant's failure to address the timeliness of her petition for review and the lack of evidence of circumstances beyond her control or of unavoidable casualty or misfortune that prevented her from filing a timely petition for review weigh against finding good cause. *See Cabarloc v. Department of Veterans Affairs*, 112 M.S.P.R. 453, ¶¶ 9-10 (2009) (finding no good cause for the pro se appellant's filing delay when he failed to respond to the Office of the Clerk of the Board's notice regarding timeliness).

¶9        The appellant does not address her filing delay in her petition for review; instead, she (1) implicitly expresses general dissatisfaction with the terms of the parties' settlement agreement and alleges that she was coerced into signing the

agreement[7] and (2) argues that the agency breached the terms of the agreement by failing to compensate her for her unused sick leave balance. PFR File, Tab 1 at 7-13. Neither the appellant's apparent dissatisfaction with the terms of the agreement nor her contention that she was coerced into signing the same constitute good cause for her filing delay; indeed, neither of these assertions is based on any new or previously unavailable evidence. *See Eaglehart v. U.S. Postal Service*, 102 M.S.P.R. 672, ¶¶ 3, 13 (2006) (reasoning that the appellant, who had alleged that he had been coerced into signing a settlement agreement, had failed to show how the circumstances surrounding the execution of the settlement agreement had interfered with his ability to timely file a petition for review); *see also Ford v. Department of Veterans Affairs*, 99 M.S.P.R. 338, ¶ 7 (2005) (explaining that the appellant's claimed misunderstanding of, or dissatisfaction with, the terms of a settlement agreement did not constitute good cause for her filing delay).

¶10    Accordingly, we dismiss the petition for review as untimely filed by 6 years without good cause shown for the delay. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the dismissal of the appellant's demotion appeal as settled.

¶11    Notwithstanding the foregoing, as discussed above, the appellant claims that the agency has not complied with certain terms of settlement agreement. PFR File, Tab 1 at 11-13. A petition for enforcement of a settlement agreement must

---

[7] The appellant indicates that, at the time the settlement agreement was executed, she was suffering from a psychological impairment. PFR File, Tab 1 at 9-10. In response, the Office of the Clerk of the Board explained that, to the extent she was alleging that her health impacted her ability to meet filing deadlines, she needed to provide additional information. PFR File, Tab 2 at 7 n.1. The appellant did not provide any such information. Thus, we find that she fails to demonstrate good cause for her untimely filing on the basis of illness or mental or physical capacity. *See Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998); *see also Stribling v. Department of Education*, 107 M.S.P.R. 166, ¶ 8 (2007).

be filed in the first instance with the Board's regional or field office that issued the initial decision. 5 C.F.R. § 1201.182(a). Under the circumstances, the appropriate course is to forward the petition for review to the regional office for docketing of a petition for enforcement. *See Gard v. Department of Education*, 97 M.S.P.R. 64, ¶¶ 7-8 (2004) (dismissing as untimely filed without good cause shown a petition for review in which the appellant expressed dissatisfaction with the settlement process but forwarding the appellant's allegations of noncompliance to the regional office for docketing as a petition for enforcement).

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the

U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[9]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:  /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.